Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Lacy, S.JJ.

ROGER LEE STEVENS,
S/K/A ROGER LEE STEPHENS

v.  Record No. 110402                    OPINION BY SENIOR JUSTICE
                                              ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA                       January 13, 2012


                FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the Court of Appeals of

Virginia erred in affirming the trial court's denial of the

defendant's motion to suppress his statement to police during a

custodial interrogation because, in light of the circumstances,

the defendant's request for a lawyer was ambiguous and,

therefore, the officers were entitled to ask further clarifying

questions.

                              BACKGROUND

     The facts are not in dispute.  Zachary Titus and Mark

Hopkinson were shot and killed in the course of a drug

transaction and robbery in Pittsylvania County.  Roger Lee

Stevens was arrested in connection with these murders and taken

to a police station in Chatham, Virginia for questioning.

Officers William H. Chaney and T. L. Nicholson with the

Pittsylvania County Sheriff's Department conducted the

interrogation.  Officer Chaney advised Stevens of his right to

have counsel present during the custodial interrogation and his

right to remain silent or terminate the interrogation at any time pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and Stevens voluntarily waived these rights.  Stevens answered the officers' questions for approximately two hours, during which time he did not ask for an attorney and made no incriminating statements.

The next morning, pursuant to the magistrate's order, Stevens was transported to the court building for his initial appearance before a court not of record for purposes of advising him of his right to bail and for appointment of counsel if appropriate.  Code §§ 19.2-158 and -159.  However, the magistrate's order incorrectly sent Stevens to the juvenile and domestic relations district court rather than the general district court.  Because the general district court was not in session, Stevens was placed in a holding cell pending his transfer back to jail.

Officer Chaney received word that Stevens wanted to talk with Chaney again.  Chaney went to the holding cell and had a "basic conversation" with Stevens.  Stevens asked if he could go home to see his child.  Chaney explained that Stevens was in police custody for several serious crimes and could not go home. Chaney told Stevens that later he would have Stevens brought down to Chaney's office, which was in the same building as the holding cell, to talk with him some more.

Later in the day, Officers Chaney and Nicholson had Stevens brought to their office. The conversation was digitally recorded and proceeded as follows:

Chaney: You wanna, you want to talk to us some more?

Stevens: Ya'll want to talk to me or something?

Chaney: Yeah. You want to talk to us?

Stevens: Ya'll want to talk to me? I ain't doing nothing [inaudible] sitting.

Chaney: Well reason we ask is cause we brought you back over that, this morning you asked for me, and we brought you back over here the reason I'm asking you is because your rights still apply. You still understand your rights?

Stevens: I have the right to remain silent.

Nicholson: Yeah.

Chaney: Everything that I read you last night, do you still understand your rights?

Stevens: Mm-hmm.

Chaney: You can have a lawyer present if you want one.

Stevens: I want, that's what I need. I want to know what's, you know what I'm saying.

Chaney: You can stop answering at any time.

Stevens: That's what I want, a lawyer, man.

Chaney: You do want a lawyer.

Stevens: I mean, that's what I thought they brought me up here for today.

Nicholson: Well they gonna appoint you a lawyer. I mean you gonna get a lawyer.

3

Chaney: The question is do you want a lawyer before you talk to us again or are you willing to talk to us?

Stevens: I mean I'll listen to ya but you already said if I could stop if I wanted.

Chaney: Stop answering at any time you want to.

Stevens: I'll listen to what you got to say. If you want-if I say something-if I feel I don't want to say no more ya'll done told me I can stop.

Nicholson: Yes sir.

Chaney: Stop any time you want to.

Nicholson: No problem at all with that.

Chaney: All you got to say is I don't want to say-I don't want to talk to you no more. That's all you gotta say.

Following this exchange, the officers continued to interview Stevens for approximately two-and-a-half hours during which time Stevens made incriminating statements.

Stevens was indicted by a multi-jurisdictional grand jury impaneled at the Circuit Court of Halifax County for two counts of murder, Code § 18.2-32, two counts of use of a firearm in the commission of murder, Code § 18.2-53.1, conspiracy to commit robbery, Code §§ 18.2-22 and 18.2-58, robbery, Code § 18.2-58, use of a firearm in the commission of robbery, Code § 18.2-53.1, malicious bodily injury, Code § 18.2-51, and use of a firearm in the commission of malicious wounding, Code § 18.2-53.1.

Prior to trial, Stevens filed a motion to suppress the incriminating statements he made to police on the grounds that

4

the statements were taken in a custodial interrogation subsequent to his request for a lawyer and therefore were taken in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The trial court denied Stevens' motion finding that, under the circumstances, the statements and questions by the police officers following Stevens' reference to wanting a lawyer were to clarify Stevens' request and therefore did not violate his constitutional rights. Stevens was found guilty on all indictments by a Pittsylvania County jury and the circuit court sentenced him to 160 years' imprisonment.

A divided panel of the Court of Appeals of Virginia reversed Stevens' convictions and remanded the matter for a new trial. The Court of Appeals granted the Commonwealth's petition for rehearing en banc, vacated the panel's previous decision, and affirmed Stevens' conviction. Stevens v. Commonwealth, 57 Va. App. 566, 704 S.E.2d 585 (2011). The Court of Appeals held that

> Stevens' statement was ambiguous because the circumstances leading up to Stevens' statement made it unclear whether Stevens had requested the presence of an attorney during custodial interrogation, or whether he had simply expressed his desire to have an attorney appointed to represent him at trial. Because of this ambiguity, we conclude that the police were permitted to ask Stevens limited questions solely for the purpose of clarifying the statement. Accordingly, we hold that the police did not violate Stevens' right to counsel under Miranda . . . .

Id. at 568-69, 704 S.E.2d at 587.

5

This Court granted Stevens an appeal on the following assignment of error:

> The Court of Appeals erred when it affirmed the trial court's denial of the appellant's suppression motion holding the investigators could ask clarifying questions of appellant as the circumstances of his request for counsel rendered that request ambiguous.

## DISCUSSION

In this case, there is no dispute regarding the facts. Consequently, this appeal presents a pure question of law that is subject to de novo review. Specifically, we apply the requisite constitutional standards to the facts of the case to determine whether Stevens' request for an attorney during the custodial interrogation was sufficiently unambiguous under the circumstances to preclude further questioning by the law enforcement officers. Commonwealth v. Redmond, 264 Va. 321, 326-27, 568 S.E.2d 695, 697-98 (2002). See also Zektaw v. Commonwealth, 278 Va. 127, 134-35, 677 S.E.2d 49, 53 (2009) (when defendant does not dispute the content of his statements to police, "appellate consideration of the circuit court's denial of [the defendant's] motion to suppress is restricted to a de novo review of the legal issue whether [his] words, taken in context, were sufficient to invoke his right to counsel") (quoting Commonwealth v. Hilliard, 270 Va. 42, 50, 613 S.E.2d 579, 584 (2005)).

6

The constitutional standards we apply are well-established. An accused's right to have counsel present during a custodial interrogation was first recognized in Miranda, 384 U.S. at 474. The principle is now well-established that, pursuant to the Fifth Amendment of the United States Constitution, law enforcement officers must inform a suspect in a custodial interrogation of certain rights, including the right to remain silent and to have the assistance and presence of legal counsel during the interrogation. Commonwealth v. Hilliard, 270 Va. 42, 49, 613 S.E.2d 579, 584 (2005). If the accused expresses a desire to have counsel present during a custodial interrogation, law enforcement officers must cease their interrogation until counsel is present or the accused initiates further communication with the authorities. Midkiff v. Commonwealth, 250 Va. 262, 266, 462 S.E.2d 112, 114 (1995) (citing Edwards v. Arizona, 451 U.S. 477, 484-85 (1981)). See also Zektaw, 278 Va. at 136, 677 S.E.2d at 53 (quoting Edwards).

To invoke the protections provided by Miranda and Edwards an accused must clearly and unambiguously assert his right to counsel. Zektaw, 278 Va. at 136, 677 S.E.2d at 53; Midkiff, 250 Va. at 266, 462 S.E.2d at 115. However, in situations where

> a suspect makes a reference to an attorney that is
> ambiguous or equivocal in that a reasonable officer in
> light of the circumstances would have understood only
> that the suspect might be invoking the right to

7

counsel, our precedents do not require the cessation of questioning.

Davis v. United States, 512 U.S. 452, 458 (1994). The Supreme Court recognized that, in such situations, it would "be good police practice for the interviewing officers to clarify whether or not [the accused] actually wants an attorney" but the Court did not establish a rule that officers must ask clarifying questions. Id. at 461-62.

Finally, in Smith v. Illinois, 469 U.S. 91, 99-100 (1984), the Supreme Court held that "an accused's postrequest responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself" but the case did not address what, if any, events preceding the request could be considered as rendering the request ambiguous or equivocal.

Stevens argues that his statement "[t]hat's what I want, a lawyer, man" was clear and unambiguous and, therefore, at that moment, all further questioning by the officers had to stop. He argues that further interpretation or clarifying questions are justified only when the words themselves are ambiguous or unclear. The Commonwealth responds that the single statement should not be considered in isolation and, that taken in context, a reasonable police officer could have been uncertain as to whether Stevens was expressing a desire for the appointment of counsel to represent him at trial or to be

present during the custodial interrogation.  Under these circumstances, the Commonwealth contends, the officers did not violate Stevens' Miranda rights when they asked questions to clarify Stevens' intent.

We reject Stevens' contention that the determination regarding the request for an attorney during a custodial interrogation is limited to consideration of only the words spoken.  Hilliard, 270 Va. at 50, 613 S.E.2d at 585.  While post-request responses to questioning may not be used to "cast retrospective doubt on the clarity of the initial request itself," Smith, 469 U.S. at 99-100, pre-request circumstances are relevant to determining the clarity of the request.  Whether a suspect has invoked his right to counsel during a custodial interrogation is an objective inquiry and the invocation of the request for counsel must be such that "a reasonable officer in light of the circumstances" would understand the statement to be a request to have counsel present for the interrogation.  Davis, 512 U.S. at 459 (emphasis added); Zektaw, 278 Va. at 136, 677 S.E.2d at 54; Redmond, 264 Va. at 328, 568 S.E.2d at 699.  This test set out by the Supreme Court does not limit the inquiry to the single statement requesting a lawyer as Stevens asserts, but includes consideration of the circumstances preceding the request.  If those circumstances would lead a reasonable police officer to conclude that Stevens' request for a lawyer could

9

have been for a reason other than a lawyer's presence at the custodial interrogation, the officers were entitled to proceed as they did and ask questions to clarify Stevens' meaning. See Cooper v. Taylor, 103 F.3d 366, 373 (4th Cir. 1996) (Luttig, J., concurring) (accused's response to officer's question about a desire for a lawyer was ambiguous in the context of the immediately preceding questions and answers and especially because of the accused's earlier waivers). Thus, the circumstances preceding Stevens' request for an attorney are relevant to the determination whether his request was clear and unambiguous.

Stevens next asserts that "[n]othing in the circumstances of the present case was ambiguous or equivocal" particularly because the request for an attorney was made while the officers were reminding Stevens of his Fifth Amendment right to an attorney. Again, we disagree. The circumstances preceding the moment when the officers heard Stevens say "[t]hat's what I want, a lawyer, man" included Stevens' prior waiver of his Miranda rights; two conversations during which Stevens did not request an attorney; Stevens' re-initiation of the second conversation with Officer Chaney; and the officers' knowledge that one of the reasons Stevens was brought to the court building was for the appointment of an attorney to represent him in the ensuing legal proceedings, but that no attorney had been

10

appointed for him by the time they met with Stevens for the third time because the general district court was not in session.* These circumstances support a reasonable police officer's belief that Stevens was willing to talk with the officers without an attorney present and that Stevens was in the court building for the appointment of a lawyer but no lawyer had yet been appointed. In this context, Stevens' request for a lawyer could be understood by a reasonable police officer to refer to either a lawyer for purposes of the custodial interrogation or a lawyer to represent Stevens in court. We agree with the Court of Appeals, that under the facts of this case, Officers Chaney and Nicholson "could have reasonably viewed Stevens' statement as ambiguous, and thus they were permitted to ask Stevens clarifying questions . . . ." 57 Va. App. at 580, 704 S.E.2d at 592.

Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.

---

*Stevens argued on brief and in oral argument that the record did not support the Court of Appeals' conclusion that the officers knew of the "botched" proceeding to appoint Stevens an attorney. We do not address this issue because Stevens did not assign error to the Court of Appeals' holding. Rule 5:17(c)(1)(i).